NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0330n.06

No. 18-3827

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 02, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SUNDAY TUBOLAYEFA AMOS EREPADEI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| WILLIAM P. BARR, Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

BEFORE:     SILER, BATCHELDER, and DONALD, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge**.   Sunday Tubolayefa Amos Erepadei petitions this court for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the denial of his application for asylum, withholding of removal, and claim for protection under the Convention Against Torture ("CAT"). We deny the petition for review.

**I.**

Erepadei is a native and citizen of Nigeria who was admitted to the United States as a non-immigrant B-2 visitor in November 2014. Erepadei overstayed his visa and the Department of Homeland Security commenced removal proceedings in July 2017. He appeared before an immigration judge ("IJ") and conceded removability but applied for asylum, withholding of removal, and protection under the CAT. He argued that as a member of the People's Democratic Party, a political group in Nigeria, he would be tortured if he were returned to Nigeria. He alleged

that a rival group, the All People's Congress, kidnapped and beat him in 2014 for his association with the People's Democratic Party. The All People's Congress is now in power in Nigeria.

The IJ denied Erepadei's applications, finding that he was not a credible witness, that his application for asylum was time-barred, and that he had failed to demonstrate that it is more likely than not that he would be tortured if he were removed to Nigeria. The IJ's adverse credibility determination was based on, among other things, Erepadei's inconsistent testimony regarding social media usage, his lack of documentary corroboration for his allegations, and his failure to report his alleged kidnapping to the police in Nigeria—despite working as a security agent for the government at the time. Noting that an adverse credibility determination is "fatal to claims for asylum and relief from removal," *Slyusar v. Holder*, 740 F.3d 1068, 1072 (6th Cir. 2014), the IJ denied Erepadei's application on that basis. "[I]n the interest of a thorough decision," the IJ also held that Erepadei's asylum application was time-barred. *See* 8 U.S.C. § 1158(a)(2)(B). The BIA dismissed Erepadei's appeal as to all claims, affirming the IJ's determination that Erepadei was not credible and that his application for asylum was time-barred.

Erepadei seeks review here, arguing that the BIA clearly erred in (1) finding that he was not credible, and (2) holding that his asylum application was time-barred.

## II.

We have jurisdiction to review a final order of removal from the BIA. 8 U.S.C. § 1252. "Credibility determinations are considered findings of fact, and are reviewed under the substantial evidence standard." *Sylla v. I.N.S.*, 388 F.3d 924, 925 (6th Cir. 2004). "We cannot reverse such findings simply because we would have decided them differently." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). Adverse credibility determinations are "conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary." *Marikasi v. Lynch*, 840 F.3d 281, 287 (6th Cir. 2016) (internal quotation omitted).

Erepadei argues that his testimony was credible, and that the BIA erred in finding otherwise. He argues that the IJ's adverse credibility determination was based on a misunderstanding of how social media works. He restates his justification for why he did not report his alleged kidnapping to the police, and he argues that his failure to seek medical treatment at a hospital or tell his wife about the incident cannot serve as a basis for an adverse credibility determination. We disagree.

Substantial evidence in the record supports the IJ and BIA's adverse credibility decision. Contrary to Erepadei's claim here, the IJ did not fundamentally misunderstand how social media works. Nothing in the record indicates that the IJ or BIA did not understand the difference between the time a picture is taken and the time it is uploaded to the social media platform, as Erepadei argues. Moreover, in arguing that "it is unfathomable for an adjudicator to base a credibility finding on the fact that a world-class athlete did not have the same reactions to a beating as the rest of us," Erepadei misunderstands the IJ and BIA's reasoning for the adverse credibility determination. Erepadei's physical and medical reaction to allegedly being beaten and kidnapped is not at issue. Rather, the IJ and the BIA found it implausible that Erepadei was tortured to the degree that he claimed, i.e., a degree that would warrant *statutory protection*, but was able to conceal the resultant injuries from his wife that same day and to treat those injuries only with "over-the-counter medication that he obtained at a local pharmacy."

The IJ and BIA's adverse credibility determination is supported by substantial evidence and the record does not demand reversal—no reasonable adjudicator would be compelled to come to a contrary conclusion. *Marikasi*, 840 F.3d at 287. "[O]nly one relevant inconsistency is required

to uphold an adverse credibility determination." *Id*. "An adverse credibility determination is fatal to claims for asylum." *Sylusar*, 740 F.3d at 1072. Thus, we need not address whether the BIA erred in finding that Erepadei's asylum application was time-barred.[1] Additionally, because Erepadei "fails to satisfy the lower burden of proof for asylum, it follows that he also fails to satisfy the higher burden required for withholding of removal." *Zheng v. Lynch*, 819 F.3d 287, 294 (6th Cir. 2016). Furthermore, because Erepadei based his CAT claim on the same grounds as his asylum and withholding claims, the IJ and BIA properly concluded that he did not meet his burden of proof with respect to his CAT claim. "If the IJ determines the applicant's testimony is incredible, then the applicant cannot rely on his discredited testimony to meet his burden for CAT relief." *Id.* at 295.

## III.

For the foregoing reasons, we **DENY** the petition for review.

---

[1] We note that we generally "lack jurisdiction to review the denial of the asylum application on the ground of untimeliness." *Vincent v. Holder*, 632 F.3d 351, 354 (6th Cir. 2011); *see* 8 U.S.C. § 1158. We only "retain our jurisdiction to review applications that were denied for untimeliness if the applicant seeks review of constitutional claims or matters of statutory construction." *Mandebvu v. Holder*, 755 F.3d 417, 425 (6th Cir. 2014) (citation omitted). To the extent that Erepadei raises such a claim here based upon his ostensible membership in a certified class (*see Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018)), review is unnecessary when, as here, an adverse credibility determination is dispositive of the claim.